Nash, J.
 

 Both the plaintiff and defendants claimed the horse in question under Pennington — neither is therefore
 
 *443
 
 at liberty to dispute his title. The plaintiff’s title is the elder. He purchased from Pennington, by taking up executions against him and paying some money. Some time after this, another execution in favor of one Gentry was, by the defendant Jones, levied on the mare, and at the sale the defendant Phipps purchased. At the time of the levy and the sale, the animal as between these parties was the property of Smith the plaintiff — so far that the defendants could not deny it, except by showing, that, as against them, he did not acquire Pennington’s title.
 

 The counsel for the defendant asked the Court to instruct the jury, that, if the transfer of the property by Pennington to the plaintiff was a mortgage, it was void, as not being in writing and not registered. This was properly refused by the Court. Whether the transaction was a mortgage or not was a question of law — which did not belong to the jury but to the Court. It would have been error in law for the Court to have so charged. And moreover because the evidence showed that it was not a mortgage.
 

 We see no error m law in the judgment below, and it is affirmed.
 

 Per Curiam. Judgment affirmed.